USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA            :
     - v. -                         :    ORDER
THOMAS DEVITT III,                  :    S1 11 Cr. 614 (VM)
             Defendant.             :
- - - - - - - - - - - - - - - - - -x
```

WHEREAS, with defendant Thomas Devitt's consent, his guilty plea allocution was taken before United States Magistrate Judge Michael Dolinger on August 10, 2012;

WHEREAS a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that Devitt entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that Devitt's guilty plea is accepted.

Dated: New York, New York
       September 5, 2012

_____
HON. VICTOR MARRERO
United States District Judge
Southern District of New York

```
C8A5devP                      plea
```

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4           v.                              11 Cr. 614 (VM/MHD)

5   THOMAS DEVITT,

6                   Defendant.

7   ------------------------------x

8
                                            August 10, 2012
9                                           11:40 a.m.

10  Before:

11
                    HON. MICHAEL H. DOLINGER,
12
                                            Magistrate Judge
13

14                          APPEARANCES

15  PREET BHARARA
        United States Attorney for the
16      Southern District of New York
    BY: DANIEL CHUNG
17      Assistant United States Attorney

18  MICHAEL JUDE JANNUZZI
        Attorney for Defendant
19

1          (Case called)
2          THE COURT: Counsel, state your name for the
3    government.
4          MR. CHUNG: Daniel Chung for the government. Good
5    morning, your Honor.
6          THE COURT: Good morning.
7          MR. JANNUZZI: Good morning, your Honor. Michael
8    Jannuzzi for Thomas Devitt.
9          THE COURT: Let me first confirm my understanding that
10   the penalties that the defendant faces upon conviction, based
11   on the plea agreement, am I correct that he faces up to five
12   years in prison, three years of supervised release, as much as
13   $250,000 or twice the total gain from the crime in terms of a
14   fine and a $100 special assessment?
15         MR. CHUNG: Yes, your Honor.
16         MR. JANNUZZI: That's my understanding too, Judge.
17         THE COURT: Very good.
18         Mr. Devitt, the indictment in this case and
19   specifically Count Six of the indictment charges you with a
20   violation of the United States Criminal Code. Ordinarily when
21   a defendant enters a plea to a charge such as this he will do
22   so before a United States District Judge, will also conduct the
23   required question and answer session that accompanies the plea.
24   However, with the consent of the defendant, United States
25   Magistrate Judges, of whom I'm one, also have the authority to

C8A5devP                    plea

1    take a plea in a case such as this.  If you were to consent to
2    enter your plea before a magistrate judge you would be entitled
3    to all the same protections as you would have before a district
4    judge.
5             Do you understand that?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  Is it your wish at this time to enter your
8    plea before a magistrate judge?
9             THE DEFENDANT:  Yes, sir.
10            THE COURT:  Is this your signature on the consent
11   form?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Before I take your plea I have to ask you
14   some questions and I will therefore need to put you under oath.
15   Would you please raise your right hand?
16            (Defendant sworn)
17            THE COURT:  Would you please state your full name?
18            THE DEFENDANT:  Thomas Francis Devitt, III.
19            THE COURT:  What is your age?
20            THE DEFENDANT:  43.
21            THE COURT:  What is the extent of your formal
22   education?
23            THE DEFENDANT:  I'm a college graduate.
24            THE COURT:  Are you now or have you recently been
25   under the care of a doctor or psychiatrist for any reason?

C8A5devP                    plea

1            THE DEFENDANT:  No.
2            THE COURT:  Are you currently under any medication?
3            THE DEFENDANT:  Yes.
4            THE COURT:  Is there anything about the effects of
5   this medication that would make it more difficult for you to
6   listen, hear, think, reason or make decisions?
7            THE DEFENDANT:  No, sir.
8            THE COURT:  Are you currently under the influence of
9   any mind-altering drugs or alcoholic drinks?
10           THE DEFENDANT:  No, sir.
11           THE COURT:  Have you been able to understand pretty
12  much everything that's been said to you so far today?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  Have you received a copy of the indictment
15  in this case?
16           THE DEFENDANT:  Yes, sir.
17           THE COURT:  And specifically referring to Count Six,
18  have you read it or do you want me to read it to you?
19           THE DEFENDANT:  I have read it.
20           THE COURT:  Do you understand what it says you did?
21           THE DEFENDANT:  Yes, sir.
22           THE COURT:  Have you had an opportunity discuss this
23  charge and how you wish to plead today with your attorney?
24           THE DEFENDANT:  Yes, sir.
25           THE COURT:  Are you satisfied with your attorney?

C8A5devP                    plea

1          THE DEFENDANT: Yes.
2          THE COURT: Are you ready at this time to enter a
3    plea?
4          THE DEFENDANT: Yes, sir.
5          THE COURT: Bearing in mind that Count Six charges
6    you, in substance, with having participated with others in a
7    conspiracy to commit visa fraud, how do you plead to this
8    conspiracy charge, guilty or not guilty?
9          THE DEFENDANT: Guilty, your Honor.
10         THE COURT: Because you are proposing to enter a
11   guilty plea I have to ask you some additional questions. My
12   purpose in doing so is to make sure that you understand the
13   consequences of pleading guilty and also to be certain that
14   your plea is in fact voluntary.
15         First of all, I want you to understand that if
16   convicted on this charge you could face, as a potential maximum
17   penalty, a prison term of as long as five years, a supervised
18   release term of up to three years, a fine of as much as a
19   quarter million dollars or twice the total gain from the crime,
20   whichever is larger, and a mandatory special assessment of
21   $100.
22         Are you aware of that?
23         THE DEFENDANT: Yes, sir.
24         THE COURT: Do you also understand that if, as part of
25   your sentence, you are placed on supervised release and you

C8A5devP                         plea

1    violate any of the conditions of that release, your supervised
2    release term could be revoked and you could face an additional
3    term of imprisonment?
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  Are you a U.S. citizen?
6              THE DEFENDANT:  Yes, sir.
7              THE COURT:  Do you understand that you have a right to
8    plead not guilty to this charge and a right to a trial and
9    indeed a jury trial, if you wish?
10             THE DEFENDANT:  Yes, sir.
11             THE COURT:  Do you understand that if you pled not
12   guilty, the government would bear the burden of proving your
13   guilt beyond a reasonable doubt?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  Do you understand that if you went to
16   trial you would be presumed innocent unless and until the
17   government proved your guilt beyond a reasonable doubt?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Do you also understand that at such a
20   trial you would be entitled to be represented by a lawyer at
21   all stages and if you could not afford to hire one, the
22   services of an attorney would be provided without charge?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  Do you also understand that at such a
25   trial you would be entitled, through your lawyer, to

C8A5devP                         plea

1    cross-examine any witnesses called by the government to testify
2    against you?
3             THE DEFENDANT:  Yes, sir.
4             THE COURT:  Do you understand also that at such a
5    trial you would be entitled to call witnesses to testify on
6    your behalf?
7             THE DEFENDANT:  Yes, sir.
8             THE COURT:  Do you understand also that at such a
9    trial you would be entitled to used the authority of the Court
10   through the issuance of subpoenas to compel witnesses to come
11   to Court to testify for you?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Do you also understand that at such a
14   trial you would be entitled, if you wished, to testify on your
15   own behalf?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  Do you understand also that at such a
18   trial you would not be required to incriminate yourself, that
19   is, you would not be required to testify against yourself?
20            THE DEFENDANT:  Yes, sir.
21            THE COURT:  Do you understand that by pleading guilty
22   you are giving up all of these protections, including the
23   trial, and the only remaining step will be the imposition of
24   sentence?
25            THE DEFENDANT:  Yes, sir.

1           THE COURT:  Do you understand the nature of the charge
2    to which you are pleading guilty?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Do you understand the range of penalties
5    to which you are at least potentially subjecting yourself by
6    your guilty plea?
7           THE DEFENDANT:  Yes, sir.
8           THE COURT:  Do you also understand that if any of the
9    answers that you give to me today prove to have been
10   untruthful, you could face a separate prosecution for perjury?
11          THE DEFENDANT:  Yes, sir.
12          THE COURT:  Do you still wish to plead guilty?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  Have any threats of any kind been made to
15   influence how you plead today?
16          THE DEFENDANT:  No, sir.
17          THE COURT:  I have received a copy of a letter dated
18   July 19, 2012, which was sent from the United States Attorney
19   to your attorney and appears to contain a plea agreement.
20   Apart from what is contained in that letter, have any promises
21   been made to you as to the sentence that you will receive in
22   this case?
23          THE DEFENDANT:  No, sir.
24          THE COURT:  Do you understand that the decision as to
25   the appropriate sentence will be entirely up to the trial

C8A5devP                    plea

1    judge, Judge Marrero, who will be guided by only what the law
2    requires including the so-called U.S. Sentencing Guidelines?
3            THE DEFENDANT:  Yes, sir.
4            THE COURT:  Do you understand that even if you are
5    shocked and disappointed at the sentence you receive from Judge
6    Marrero, you will still be bound by your guilty plea?
7            THE DEFENDANT:  Yes, sir.
8            THE COURT:  Did you sign this plea agreement?
9            THE DEFENDANT:  Yes.  Yes, sir.
10           THE COURT:  Before you signed it, did you discuss it
11   with your attorney?
12           THE DEFENDANT:  Yes, sir.
13           THE COURT:  Did he explain to you all of its terms and
14   conditions?
15           THE DEFENDANT:  Yes, sir.
16           THE COURT:  I note as part of the plea agreement there
17   is an analysis of how the sentencing guidelines may affect the
18   sentence in your case.  That analysis ends with the sentencing
19   guideline for a prison term will be 10 to 16 months.  Are you
20   aware of that?
21           THE DEFENDANT:  Yes, sir.
22           THE COURT:  When it comes time to sentence, Judge
23   Marrero will be required to take the sentencing guidelines into
24   consideration but will not necessarily be required to apply
25   them directly to your case.

C8A5devP                    plea

1           THE DEFENDANT: Yes, sir.

2           THE COURT: Do you understand that even if he does
3    apply the guidelines in your case, he will not be bound by the
4    analysis of the guidelines found in this plea agreement and if
5    he does his own analysis, he may come up with an entirely
6    different guideline range?

7           THE DEFENDANT: Yes, sir.

8           THE COURT: Do you also understand that if even Judge
9    Marrero concludes that the guideline range in your case is 10
10   to 16 months he may choose, in appropriate circumstances, to
11   impose a prison term that is either longer than the maximum of
12   that range, that is longer than 16 months, or shorter than the
13   minimum of that range, that is, less than 10 months.

14          Do you understand that?

15          THE DEFENDANT: Yes, sir.

16          THE COURT: Do you understand that as part of this
17   plea agreement if the sentence that you receive is not longer
18   than 16 months, you are giving up your right to complain about
19   that sentence, either on appeal to the Court of Appeals or by
20   application to Judge Marrero.

21          THE DEFENDANT: Yes, sir.

22          THE COURT: Do you also understand that as part of
23   this plea agreement, even if it turns out that the government
24   has improperly withheld from your attorney information that
25   would have been helpful to him in defending you at trial, you

C8A5devP                    plea

1   are giving up your right to complain about that form of
2   government misconduct?
3           THE DEFENDANT: Yes, sir.
4           THE COURT: Is your plea voluntary and made of your
5   own free will?
6           THE DEFENDANT: Yes, sire.
7           THE COURT: Did you in fact commit the offense charged
8   in Count Six?
9           THE DEFENDANT: Yes, sir.
10          THE COURT: Before I ask Mr. Devitt to specify his
11  conduct I will ask the government briefly to summarize the
12  elements that it would have to establish to sustain this charge
13  at trial.
14          MR. CHUNG: Yes, your Honor.
15          The government would have to prove beyond a reasonable
16  doubt, first, that two or more persons entered into the
17  unlawful agreement outlined in the indictment, Count Six of the
18  indictment, which was an unlawful agreement to commit visa
19  fraud; and second, that the defendant willfully and knowingly
20  joined that agreement and that an overt act in furtherance of
21  the of the conspiracy was committed by a defendant or a
22  co-conspirator.
23          The government will also have to prove by a
24  preponderance of the evidence that at least some part of the
25  offense conduct of the conspiracy occurred in the Southern

C8A5devP                         plea

1  District of New York.
2         THE COURT:  Thank you.
3         Now, Mr. Devitt can you tell us, in your own words,
4  what it is that you did that forms the basis of the charge to
5  which are you now pleading?
6         THE DEFENDANT:  I, and others, knowingly hired
7  entertainers in my establishment knowing that their work visas
8  were not permitting them to work in our establishment knowing
9  that they were supposed to be working at another establishment.
10        THE COURT:  This occurred approximately when?
11        THE DEFENDANT:  2008.
12        THE COURT:  And it occurred where?
13        THE DEFENDANT:  At the location of my business which
14 is Rouge Gentleman's Club 55-61 58th Street, Maspeth, New York.
15        THE COURT:  I take it the people you are talking about
16 having hired, you had some obligation as an employer to examine
17 their visa or their immigration cards?
18        THE DEFENDANT:  Yes; their passports when they came
19 into the establishment.
20        THE COURT:  And these documents, whether they be
21 passports or other documents, precluded their working at your
22 establishment?
23        THE DEFENDANT:  No.  They precluded that they were
24 supposed to be working --
25        (Defendant and counsel conferring)

C8A5devP					plea

1           THE DEFENDANT:  The visas were that they were supposed
2   to be working somewhere else besides our establishment.
3           THE COURT:  So it authorized them to work at a
4   specific place?
5           THE DEFENDANT:  Correct.
6           THE COURT:  Which was not your place?
7           THE DEFENDANT:  Correct, sir.
8           THE COURT:  What is the government's understanding
9   about venue in this case?
10          MR. CHUNG:  Your Honor, it is really two-fold.
11          First, that other adult entertainment clubs that were
12  involved in this conspiracy were located in Manhattan, not
13  those operated by the defendants but by other co-conspirators
14  who engaged in the same conduct; and second, that certain of
15  the numerous visa applications, J-1 visa applications that were
16  submitted by the women who worked at these clubs were routed
17  through the State Department and INS' offices here in downtown
18  Manhattan.
19          THE COURT:  Is your understanding of what the essence
20  of the fraud was as described in the allocution, that is that
21  visas or passports or whatever immigration documents were in
22  question, specified that these people could work at one
23  establishment but not another?
24          MR. CHUNG:  That's correct, your Honor.
25          The essence of the conspiracy or the fraud is that

1    certain women overseas, principally in Eastern Europe and
2    Russia, apply for J-1 visas.  J-1 visas are a particular type
3    of visa that allow them to work in certain occupations for here
4    in the U.S. for summer or a certain period of time.  Now, J-1
5    visa holders cannot work in the adult entertainment industry.
6    The essence of the conspiracy was that the defendant and other
7    co-conspirators arranged or in various ways assisted in these
8    women to obtain job offer documentation for certain jobs
9    outside of the adult entertainment industry like at restaurants
10   or food service companies or hotels, knowing that they wouldn't
11   be working at those other jobs and instead would be coming here
12   to work at the adult entertainment clubs.
13            THE COURT:  And is it your understanding that, as
14   described in the allocution, this defendant's role was simply
15   as an employer seeing J-1 visas that specify that the
16   individual is supposed to be working in some other occupation
17   and accepting that?
18            MR. CHUNG:  Your Honor, I believe that the allocution
19   on that specific role is sufficient.  My understanding is that
20   he is not so much a passive role but an active role in hiring
21   these individuals knowing that they weren't supposed to be
22   working there.
23            THE COURT:  Are there any other questions that I
24   should ask the defendant at this time?
25            MR. CHUNG:  No, your Honor.  The government believes

C8A5devP                         plea

1    the allocution is sufficient.
2             THE COURT:  Do either of you know of any reason why
3    the plea should not be accepted?
4             MR. CHUNG:  No, your Honor.
5             MR. JANNUZZI:  No, sir.
6             THE COURT:  I'm satisfied that Mr. Devitt understands
7    the nature of the charge to which he is pleading guilty and the
8    consequences of his guilty plea.  I am also satisfied that his
9    plea is voluntary and that there is a factual basis for it.  I
10   am therefore recommending at this time that Judge Marrero
11   accept the proffered plea.  I assume that the government will
12   order a transcript of today's proceeding and submit it,
13   together with any other necessary paperwork, to Judge Marrero,
14   so that he may act on this recommendation.
15            MR. CHUNG:  We will, your Honor.
16            THE COURT:  Anything else on this matter?
17            MR. CHUNG:  No, your Honor.  We will obtain a
18   sentencing date from Judge Marrero directly.
19            THE COURT:  Very well.  Thank you.
20            MR. JANNUZZI:  Thank you, sir.
21            THE COURT:  Thanks.
22                              o0o
23
24
25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 4, 2012

**BY HAND**

The Honorable Victor Marrero
United States District Judge
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Chambers 1040
New York, New York 10007

      Re: <u>United States v. Thomas Devitt III</u>
         S1 11 Cr. 614 (VM)

Dear Judge Marrero:

  Defendant Thomas Devitt entered a guilty plea on August 10, 2012 before United States Magistrate Judge Michael Dolinger. The Government respectfully requests that the Court accept Devitt's guilty plea. Enclosed please find a transcript of the proceedings and a proposed Order accepting the plea. Magistrate Judge Dolinger did not refer the matter to the Probation Office to conduct a Pre-sentence Investigation; accordingly, the Government requests that the Court do so.

               Respectfully submitted,

               PREET BHARARA
               United States Attorney
               Southern District of New York

         By: _____
             Daniel Chung
             Assistant U.S. Attorney
             212-637-2417

Enclosures

cc: Michael Jannuzzi, Esq.